**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

HAROLD EVANS-GARCIA

Petitioner

v.

UNITED STATES OF AMERICA

Respondents

CIVIL NO. 04-2230 (SEC)

**ORDER**

Harold Evans-Garcia ("Evans") has petitioned this Court for a certificate of appealability in accordance with FED. R. APP. P. 22(b) and 1ST CIR. R. 22.1. See Docket # 69. After careful review of the record, this Court finds that no constitutional questions remain that are debatable among jurists of reason. In light of this, and for the following reasons, Evans' request for a certificate of appealability is hereby **DENIED**.

The motion at bar makes two general arguments, averring the supposed existence of a constitutional controversy:

1) This Court failed to analyze Evans' petitioner in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Docker # 69 at 2.
2) That the enhancement applied for first degree murder to the carjacking statute violated Evans' constitutional rights because he alleges he never pled guilty to said offense, nor did a jury find him guilty of murder. Docket # 69 at 6.

In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This, in turn, requires that petitioner "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 337 ( 2003)(citing Barefoot v. Estelle, 463 U.S. 880 (1983) (citations omitted); see also Smith

v. U.S., 989 F. Supp. 371, 374 (D. Mass. 1997)(citations omitted); Pérez Vega v. U.S., Civil No. 04-1636,  2006 WL 752999 at *1 (D.P.R. March 22, 2006).

Evans' first claim for relief involves this Court's reliance on United States v. Booker, 543 U.S. 220 (2005), rather than Apprendi.  He alleges that this Court did not consider Apprendi's holding that, "the maximum penalty that can be imposed, despite the statutory maximum, can never exceed the maximum sentence that could be imposed solely based on the facts reflected in the jury verdict or admitted by the defendant." Docket # 69 at 4.  While Apprendi is not explicitly mentioned in this Court's previous Opinion & Order (Docket # 63), its holding effectively is via Booker.

The carjacking statute Evans was sentenced under by the jury states, that, ". . . if death results, [the defendant shall] be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death." 18 U.S.C.§ 2119(3); see also United States v. Evans-Garcia, 322 F.3d 110, 114 (1st Cir. 2003). In fact, taking Apprendi into consideration, Booker specifically validated  18 U.S.C. § 2119's escalating maximum sentences, which each depend on the harm caused to the victim. Booker, 543 U.S. at 230; see also Jones v. United States, 526 U.S. 227, 232-52 (1999).  Therefore, the Supreme Court concluded in 18 U.S.C. § 2119 cases ". . . that the harm to the victim was an element of the crime . . .[as intended] by the statutory text and structure . . ." Id. Accordingly, as Apprendi's principal holding, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt,"  was reiterated in Booker this point of law was not ignored. In fact, this Court specifically discussed the following:

> The jury did find, beyond a reasonable doubt, that Petitioner, along with other co-defendants, carjacked Fontánez and Torres, with the intent of killing if necessary, and that death in fact occurred as a result. See, 267, & 585 (jury

**CIVIL NO. 04-2230 (SEC)** Page 3

verdict). That is, based on the jury verdict alone Evans faced a sentence of any number of years up to life imprisonment. See, 18 U.S.C. § 2119(3).

Docket # 63 at 7. Given that the jury found Evans guilty of facts that under 18 U.S.C. § 2119(3) allow for a sentence of life imprisonment, and that this section of the statute has been specifically validated by the Supreme Court, there are no grounds for relief under Apprendi.

The same logic applies to Evans' second assertion that the enhancement applied for first degree murder to the carjacking statute, violates his constitutional rights, because he alleges that he never pled guilty to said offense. Again, 18 U.S.C. § 2119(3) allows for progressively long prison sentences for carjacking cases depending on the outcome for the victim. The jury convicted Evans under 18 U.S.C. § 2119(3), and he was duly sentenced. Federal law does not require a first degree murder conviction for a life sentence under anti-carjacking statutes. Booker's language leaves the constitutionality of this undebatable among jurists of reason.

Therefore, for all the foregoing, Petitioner's Motion is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of February, 2010.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. Senior District Judge